

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE ELLIS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **MAGISTRATE JUDGE MASON** |
| | ) | |
| v. | ) | No. **15 CR 512** |
| | ) | |
| ESTRELLITA DUQUILLA, | ) | Violations: Title 18, United States |
| MIGUEL DUQUILLA, | ) | Code, Sections 371, 1347 and 1349; |
| DANIEL FAJARDO, | ) | Title 42, United States Code, |
| ZENAIDA DIMAILIG, | ) | Sections 1320a-7b(b)(1)(A) and |
| ROBERTO JONSON, | ) | 1320a-7b(b)(2)(A) |
| GRACE MENDEZ, and | ) | |
| SHERROD HARRIS | ) | **UNDER SEAL** |
| | ) | |

## COUNT ONE

The SPECIAL JANUARY 2015 GRAND JURY charges:

**FILED**
August 20, 2015
AUG 2 0 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1.      At times material to this Indictment:

### The Medicare Program

a.      Medicare was a federally funded program that provided free or below-cost health care benefits to persons who were over the age of 65 or suffered from a qualifying disability. Medicare was administered by the Centers for Medicare and Medicaid Services, also known as CMS, a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were often referred to as Medicare beneficiaries.

b.      Medicare was a "health care benefit program," as defined in Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined in Title 42, United States Code, Section 1320a-7b.

1

c.      Medicare programs covering different types of benefits were separated into different program parts. Covered benefits under Part A of Medicare included, among other things, medically necessary in-home health care services for persons who were confined to their homes. CMS contracted with Palmetto GBA to process Medicare claims submitted for home health services for beneficiaries in Illinois.

d.      A beneficiary was eligible for home health care coverage if, among other conditions, that beneficiary had a condition due to illness or injury that severely restricted his or her ability to leave their place of residence.

e.      Medicare typically approved the provision of home health care to beneficiaries who were confined to their homes in 60-day periods. The 60-day periods were referred to as cycles, or episodes of care, and an initial cycle of home health care was known as a "Start of Care" cycle. A physician was required to approve a beneficiary's plan of care, which was typically prepared by the home health agency, and to certify that the beneficiary was confined to his or her home on a Home Health Certification and Plan of Treatment form, sometimes known as a Form 485. Subsequent cycles of care were referred to as recertifications because a beneficiary was required to be recertified by a physician to receive additional 60-day cycles of home health care.

f.      Medicare paid home health agencies a predetermined base payment for each 60-day cycle of home health care. The base payment was adjusted depending on the health conditions and care needs of the beneficiary. This adjustment was done through an Outcome and Assessment Information Set (OASIS) form, which was an assessment tool for measuring and documenting a patient's condition.

### The Defendants and Related Companies

g.　　HCN Home Healthcare, Inc., was a corporation organized under the laws of the State of Illinois. HCN was located in Chicago, Illinois. HCN offered home health care services to Medicare beneficiaries who purportedly were confined to their homes, and through its officers and agents submitted claims to Medicare for reimbursement for home health care services purportedly provided to Medicare beneficiaries.

h.　　Berzen Home Care Services, Inc., was a corporation organized under the laws of the State of Illinois. Berzen was located in Bensenville, Illinois.

i.　　Defendant ESTRELLITA DUQUILLA, a resident of Cook County, Illinois, was the president and ran the day-to-day operations of HCN.

j.　　Defendant MIGUEL DUQUILLA, a resident of Cook County, Illinois, was the secretary and registered agent of HCN.

k.　　Defendant DANIEL FAJARDO, a resident of Cook County, Illinois, was a registered nurse and director of nursing for HCN at certain times.

l.　　Defendant ZENAIDA DIMAILIG, a resident of DuPage County, Illinois, was a registered nurse and an employee of HCN.

m.　　Defendant ROBERTO JONSON, a resident of DuPage County, Illinois, was the president and ran the day-to-day operations of Berzen.

n.　　Defendant GRACE MENDEZ, a resident of Cook County, Illinois, was an employee of HCN.

o.　　Defendant SHERROD HARRIS, a resident of Cook County, Illinois, was a certified nursing assistant and employee of HCN.

3

2.      Beginning in or around June of 2008, and continuing through in or around July of 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ESTRELLITA DUQUILLA,
MIGUEL DUQUILLA,
DANIEL FAJARDO,
ZENAIDA DIMAILIG,
ROBERTO JONSON,
GRACE MENDEZ, and
SHERROD HARRIS,

defendants herein, together with others known and unknown to the Grand Jury, did conspire:

a.      to knowingly and willfully offer and pay any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, from defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, and DANIEL FAJARDO to defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and others, in return for them to refer patients to HCN for the furnishing and arranging for the furnishing of services for which payment may be made in whole or in part under a Federal health care program, namely, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A); and

b.      to knowingly and willfully solicit and receive any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, from defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, and DANIEL FAJARDO  to defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and others, to induce the referral to patients to HCN for the furnishing and arranging for the furnishing of services for which payment may be made in whole or in part under a Federal health

care program, namely, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## Overview of the Conspiracy

3.     It was part of the conspiracy that defendants and their co-conspirators agreed to unlawfully enrich themselves by (i) offering, paying, soliciting and receiving kickbacks in return for referring Medicare beneficiaries to HCN to serve as home health patients, (ii) using the referred Medicare beneficiary information to obtain payments from Medicare for home health services purportedly provided to those beneficiaries by HCN, and (iii) concealing the offer, solicitation, payment and receipt of kickbacks.

4.     It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA and DANIEL FAJARDO offered and paid kickbacks on behalf of HCN to defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS, and others, in return for their referral of Medicare beneficiaries to HCN for home health services paid for by Medicare.

5.     It was further part of the conspiracy that defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and others solicited and received kickbacks from defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, DANIEL FAJARDO and others at HCN in exchange for their referral of Medicare beneficiaries to HCN for home health services paid for by Medicare.

6.     It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA and their co-conspirators submitted to Medicare, and caused to be submitted to Medicare, claims for home health services purportedly provided to the beneficiaries

referred to HCN by defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and others.

7.     It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, and their co-conspirators caused Medicare to pay HCN at least approximately $6 million based upon claims submitted for home health services purportedly provided to Medicare beneficiaries referred to HCN by defendants ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and others.

8.     It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, DANIEL FAJARDO, ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ, SHERROD HARRIS and other co-conspirators misrepresented, concealed, hid, and caused to be misrepresented, concealed and hidden, the purpose of the conspiracy and acts done in furtherance of the conspiracy.

### Overt Acts

9.     In furtherance of and to affect the objects of this conspiracy, the defendants committed and caused to be committed, in the Northern District of Illinois, at least one of the following overt acts, among others:

The kickback transactions charged in Counts Two through Twelve of this Indictment, each of which constitutes an overt act in furtherance of the conspiracy;

In violation of Title 18, United States Code, Section 371.

6

## COUNTS TWO THROUGH EIGHT

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.      Paragraphs 1(a) through 1(o) of Count One are incorporated here.

2.      On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

ESTRELLITA DUQUILLA and
MIGUEL DUQUILLA,

defendants herein, did knowingly and willfully offer and pay any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, as set forth below, to a person to induce the referral of Medicare beneficiaries to HCN for the furnishing and arranging for the furnishing of services for which payment may be made in whole or in part under a Federal health care program, namely, Medicare:

| COUNT | DEFENDANT | APPROXIMATE DATE | KICKBACK AMOUNT |
|---|---|---|---|
| 2 | MIGUEL DUQUILLA | 12/10/2010 | $2,300 |
| 3 | ESTRELLITA DUQUILLA | 06/10/2011 | $625 |
| 4 | MIGUEL DUQUILLA | 08/19/2011 | $1,000 |
| 5 | ESTRELLITA DUQUILLA | 10/28/2011 | $1,380 |
| 6 | ESTRELLITA DUQUILLA | 11/04/2011 | $6,175 |
| 7 | ESTRELLITA DUQUILLA | 05/13/2012 | $1,000 |
| 8 | ESTRELLITA DUQUILLA | 05/27/2012 | $1,000 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNTS NINE THROUGH TWELVE

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.     Paragraphs 1(a) through 1(o) of Count One are incorporated here.

2.     On or about the dates set forth below as to each defendant, in the Northern District of Illinois, Eastern Division, and elsewhere,

GRACE MENDEZ, and
SHERROD HARRIS,

defendants herein, did knowingly and willfully solicit and receive any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, as set forth below, in return for referring Medicare beneficiaries to HCN for the furnishing and arranging for the furnishing of any service for which payment may be made in whole or in part under a Federal health care program, namely, Medicare:

| COUNT | DEFENDANT | APPROXIMATE DATE | KICKBACK AMOUNT |
|-------|-----------|------------------|-----------------|
| 9 | SHERROD HARRIS | 05/13/2011 | $1,000 |
| 10 | GRACE MENDEZ | 05/20/2011 | $500 |
| 11 | SHERROD HARRIS | 05/27/2011 | $1,000 |
| 12 | GRACE MENDEZ | 08/08/2011 | $500 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTEEN

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.  Paragraphs 1(a) through 1(o) of Count One are incorporated here.

2.  Beginning in or around June of 2008, and continuing through in or around July of 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ESTRELLITA DUQUILLA,
> MIGUEL DUQUILLA,
> DANIEL FAJARDO,
> ZENAIDA DIMAILIG,
> ROBERTO JONSON and
> GRACE MENDEZ,

defendants herein did conspire, with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting interstate commerce, namely, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, which conspiracy is further described below.

## Manner and Means in Which the Conspiracy Was Conducted

3.  It was part of the conspiracy that defendants and their co-conspirators agreed to unlawfully enrich themselves by, among other things: (i) submitting, and causing the submission of, false and fraudulent claims to Medicare, (ii) concealing, and causing to be concealed, the submission of false and fraudulent claims to Medicare, and (iii) diverting the proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators and to further the conspiracy.

4.    It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, DANIEL FAJARDO and others offered and paid kickbacks to defendants ZENAIDA DIMAILIG, ROBERTO JONSON and others to induce them to refer Medicare beneficiaries to HCN, knowing that the beneficiaries were not in fact qualified for home health services.

5.    It was further part of the conspiracy that defendants ZENAIDA DIMAILIG, ROBERTO JONSON and others solicited and received kickbacks from defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA and DANIEL FAJARDO in exchange for referring Medicare beneficiaries to HCN for home health services, knowing that such beneficiaries were not homebound and did not need home health services.

6.    It was further part of the conspiracy that defendants ZENAIDA DIMAILIG, ROBERTO JONSON and others offered and gave incentives to the Medicare beneficiaries referred to HCN in exchange for the beneficiaries allowing their information to be used to bill Medicare for services that were not medically necessary or actually provided to the beneficiaries.

7.    It was further part of the conspiracy that  defendant ESTRELLITA DUQUILLA instructed employees at HCN to falsify nursing assessments to make it appear that HCN patients qualified for home health services when in fact the patients did not qualify because they were not homebound.

8.    It was further part of the conspiracy that defendant ZENAIDA DIMAILIG asked beneficiaries to sign nursing visit notes used by HCN to bill Medicare for nursing visits that did not actually occur.

9.    It was further part of the conspiracy that defendant ZENAIDA DIMAILIG and others put false information about patients' conditions into nursing assessments, such as falsely

claiming that patients needed assistance with daily activities of living like dressing themselves and using the toilet, knowing that this information would be submitted to Medicare and used to increase Medicare payments to HCN.

10.     It was further part of the conspiracy that defendant GRACE MENDEZ and others put false information in patient files, such as the dates of nursing visits when no such visits occurred, knowing that this information would be submitted to Medicare as a basis for payments to HCN.

11.     It was further part of the conspiracy that defendant ESTRELLITA DUQUILLA instructed HCN employees to discharge Medicare beneficiaries at regular intervals and readmit the beneficiaries a short time later in order to increase payments to HCN from Medicare and avoid detection of the fraud scheme.

12.     It was further part of the conspiracy that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, DANIEL FAJARDO, ZENAIDA DEMAILIG, ROBERTO JONSON, GRACE MENDEZ, and others caused the submission of false and fraudulent claims to Medicare for home health services that neither were medically necessary nor actually provided to Medicare beneficiaries.

13.     It was further part of the conspiracy that defendant ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, DANIEL FAJARDO, ZENAIDA DIMAILIG, ROBERTO JONSON, GRACE MENDEZ and others did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the conspiracy.

In violation of Title 18, United States Code, Section 1349.

11

## COUNTS FOURTEEN THROUGH TWENTY-THREE

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.　　Paragraphs 1(a) through 1(o) of Count One are incorporated here.

2.　　Beginning in or around June of 2008, and continuing through in or around July of 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ESTRELLITA DUQUILLA,
MIGUEL DUQUILLA
and
GRACE MENDEZ,

defendants herein, together with others known and unknown to the Grand Jury, did knowingly and willfully participate in a scheme to defraud a health care benefit program affecting interstate commerce, namely, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property under the custody and control of said health care health program, in connection with the delivery of and payment for health care benefits, items, and services, which scheme is further described below.

3.　　It was part of the scheme that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA and others offered and paid kickbacks to HNC employees and patient marketers to induce them to refer Medicare beneficiaries to HCN, knowing that the beneficiaries were not in fact qualified for home health services.

4.　　It was further part of the scheme that HCN employees and patient marketers solicited and received kickbacks from defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA and others in exchange for referring Medicare beneficiaries to HCN for home health services, knowing that such beneficiaries were not homebound and did not need home health services.

12

5. It was further part of the scheme that ESTRELLITA DUQUILLA and others offered and gave, and caused others to offer and give, incentives to the Medicare beneficiaries referred to HCN in exchange for allowing the beneficiaries' information to be used to bill Medicare for services that were not medically necessary or actually provided to the beneficiaries.

6. It was further part of the scheme that defendant ESTRELLITA DUQUILLA instructed employees at HCN to falsify nursing assessments to make it appear that HCN patients qualified for home health services when in fact the patients did not qualify because they were not homebound.

7. It was a further part of the scheme that HCN beneficiaries were required to sign nursing visit notes used to bill Medicare for nursing visits that did not occur.

8. It was further part of the scheme that HCN employees put false information about patients' conditions into nursing assessments, such as falsely claiming that patients needed assistance with daily activities of living like dressing themselves and using the toilet, knowing that this information would be submitted to Medicare and used to increase payments to HCN.

9. It was further part of the scheme that defendant GRACE MENDEZ and others put false information in patient files, such as the dates of nursing visits when no such visits occurred, knowing that this information would be submitted to Medicare as a basis for payments to HCN.

10. It was further part of the conspiracy that defendant ESTRELLITA DUQUILLA instructed HCN employees to discharge Medicare beneficiaries at regular intervals and readmit the beneficiaries a short time later in order to increase payments to HCN from Medicare and avoid detection of the fraud scheme.

11. It was further part of the scheme that defendants ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, GRACE MENDEZ and others submitted and caused the submission of

13

false and fraudulent claims to Medicare for home health services that neither were medically necessary nor actually provided to Medicare beneficiaries.

12.    It was further part of the scheme that ESTRELLITA DUQUILLA, MIGUEL DUQUILLA, GRACE MENDEZ and others did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the scheme.

13.    On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

ESTRELLITA DUQUILLA,
MIGUEL DUQUILLA
and
GRACE MENDEZ

defendants herein, did knowingly and willfully execute, and attempt to execute, the above-described scheme by submitting, and causing to be submitted, materially false and fraudulent claims to Medicare seeking payments for services purportedly rendered by HCN to Medicare beneficiaries and in the approximate amounts set forth below:

| Count | Defendant | Medicare Beneficiary | Submission Date of Claim | Approximate Amount Billed to Medicare |
|---|---|---|---|---|
| 14 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | G.G. | 09/09/2010 | $1,721.95 |
| 15 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | G.N. | 11/22/2010 | $2,042.90 |
| 16 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | G.G. | 12/17/2010 | $1,721.95 |
| 17 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | R.B. | 01/14/2011 | $2,475.61 |
| 18 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | P.W. | 03/09/2011 | $2,475.61 |
| 19 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | G.N. | 03/14/2011 | $1,954.12 |
| 20 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | F.F. | 09/16/2011 | $2,168.69 |

14

| Count | Defendant | Medicare Beneficiary | Submission Date of Claim | Approximate Amount Billed to Medicare |
|---|---|---|---|---|
| 21 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA GRACE MENDEZ | B.S. | 09/21/2011 | $2,476.93 |
| 22 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | R.B. | 11/09/2011 | $2,282.60 |
| 23 | ESTRELLITA DUQUILLA MIGUEL DUQUILLA | F.F. | 01/12/2012 | $2,487.62 |

In violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2015 GRAND JURY further alleges:

3.     The allegations in Counts One through Twenty-Three of this Indictment are realleged and incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

4.     As a result of their violations of Title 18, United States Code, Sections 371, 1347 and 1349, and Title 42, United States Code, Sections 1320a-7b(b)(1)(A)-(2)(A), as alleged in the foregoing Indictment,

ESTRELLITA DUQUILLA,
MIGUEL DUQUILLA,
DANIEL FAJARDO,
ZENAIDA DIMAILIG,
ROBERTO JONSON,
GRACE MENDEZ and
SHERROD HARRIS,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title and interest they may have in any property, real and personal, that constitutes and is derived, directly and indirectly, from gross proceeds traceable to commission of the charged offenses.

5.     If any of the forfeitable property described above, as a result of any act or omission by the defendants:

a.     Cannot be located upon the exercise of due diligence;

b.     Has been transferred or sold to, or deposited with, a third party;

c.     Has been placed beyond the jurisdiction of the Court;

d.     Has been substantially diminished in value; or

16

e.  Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY